Katherine **MARTINEZ**, Plaintiff–Appellant,

v.

Robert M. **O'LEARY**, Assistant Commissioner, Trials & Litigation Division for the New York City Department of Correction, John Antonelli, Deputy Commissioner for the New York City Department of Correction, Alan Vengersky, Deputy Commissioner, Department of Personnel for the Department of Correction, Larry Davis, Chief of the Department for the

New York City Department of Correction, Dora Schriro, Commissioner for the New York City Department of Correction, Defendants–Appellees.

No. 13–2967.

United States Court of Appeals, Second Circuit.

June 18, 2014.

Damond J. Carter, Carter & Associate Attorneys, New York, NY, for Plaintiff–Appellant.

Scott N. Shorr, Senior Counsel (Francis F. Caputo, Assistant Corporation Counsel, on the brief), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees.

Present: BARRINGTON D. PARKER, DENNY CHIN, RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Plaintiff-appellant Katherine Martinez appeals from the judgment of the district court entered July 3, 2013, dismissing her claims against the New York City Department of Correction and granting summary judgment to defendants-appellees. This matter arises from the termination of Martinez's employment as a New York City correction officer. We assume the parties' familiarity with the facts, procedural history, and issues for review.

We dismiss the appeal for lack of appellate jurisdiction because the notice of appeal was not filed in a timely manner.

"Filing deadlines are mandatory and jurisdictional." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124 (2d Cir.2011). If an appellant does not file a timely notice of appeal, "this Court lacks jurisdiction to hear the appeal." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 (2d Cir.2003).

Here, the judgment was entered Wednesday, July 3, 2013. Therefore, the notice of appeal had to be filed no later than Friday, August 2, 2013. *See* Fed. R.App. P. 4(a)(1) (requiring appellant in civil case to file notice of appeal within 30 days after entry of judgment or order being appealed). In fact, the notice of appeal was not filed until Saturday, August 3, 2013–31 days after the district court judgment was entered.

Federal Rule of Appellate Procedure 4(a)(1)(A) provides three exceptions to the 30–day requirement. *See* Fed. R.App. P. 4(a)(1)(A) (requiring filing within 30 days "except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c)"). None of these exceptions applies here.

Accordingly, because the notice of appeal was untimely filed, this appeal is DISMISSED for lack of appellate jurisdiction.